IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

Case No.: 4:22-cv-00068-HLM-WEJ

BEVERLY BYRD,

    Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC,

    Defendant.

_____/

## DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, Healthcare Revenue Recovery Group, LLC ("Defendant" or "HRRG"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, BEVERLY BYRD's Complaint, **[DE 1]**, and states the following:

### Parties

1. Admitted for purpose of jurisdiction and venue only; otherwise denied.

2. Admitted for purpose of jurisdiction and venue only; otherwise denied.

## Jurisdiction and Venue

3. Admitted to the extent of claims identifications, subject matter jurisdiction, personal jurisdiction and venue under the provisions of the Fair Debt Collection Practices Act ("FDCPA"). Otherwise denied; HRRG demands strict proof thereof.

4. Admitted to the extent of purposes of jurisdiction only. Otherwise denied; HRRG demands strict proof thereof.

5. Admitted to the extent of purposes of venue. Otherwise denied; HRRG demands strict proof thereof.

6. Admitted to the extent of purposes of venue. Otherwise denied; HRRG demands strict proof thereof.

## Factual Allegations

7. Unknown at this time; therefore, denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted to the extent that the provisions of 15 U.S.C. § 1692a (6) are self-evident.

13. Admitted to the extent that Defendant, HRRG was retained by the original creditor to seek repayment of an underlying, past-due medical debt obligation; As to the remainder, unknown at this time; therefore, denied.

14. Unknown at this time; therefore, denied.

15. Unknown at this time; therefore, denied.

16. Unknown at this time; therefore, denied.

17. Unknown at this time; therefore, denied.

18. Admitted to the extent that the provisions of 15 U.S.C. § 1692c are self-evident.

19. Admitted to the extent that the provisions of 15 U.S.C. § 1692c are self-evident.

20. Unknown at this time; therefore, denied.

21. Unknown at this time; therefore, denied.

22. Unknown at this time; therefore, denied.

23. Unknown at this time; therefore, denied.

24. Unknown at this time; therefore, denied.

25. Unknown at this time; therefore, denied.

### Injuries-In-Fact

26. Denied to each part and sub-part. Defendant demands strict proof thereof.

### Damages

27. Denied to each part and sub-part. Defendant demands strict proof thereof.

### Count I

28. Admitted to the extent that the provisions of 15 U.S.C. §1692c(c) are self-evident. Defendant denies that any action or inaction taken was in violation of this section.

### Count II

29. Defendant re-asserts and incorporates its responses to the allegations contained in paragraphs 1 through 28.

30. Admitted to the extent that the provisions of O.C.G.A. §10-1-390 are self-evident.

31. Admitted to the extent that the provisions of O.C.G.A. §10-1-391 are self-evident.

32. Admitted to the extent that the provisions of O.C.G.A. §10-1-391 are self-evident.

33. Admitted to the extent that the provisions of O.C.G.A. §10-1-393 are self-evident.

34. Denied. Defendant demands strict proof thereof.

35. Denied. Defendant demands strict proof thereof.

36. Denied. Defendant demands strict proof thereof.

37. Unknown at this time; therefore, denied.

38. Denied. Defendant demands strict proof thereof.

39. Denied. Defendant demands strict proof thereof.

40. Denied. Defendant demands strict proof thereof.

41. Denied. Defendant demands strict proof thereof.

## **Trial by Jury**

42. Defendant demands trial by jury for any remaining issue following the determination of any dispositive motions.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

**Second Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing of the Complaint, such claims or allegations are barred by the statute of limitations under the Fair Debt Collection Practices Act ("FDCPA").

**Third Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692d since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Fourth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages that reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

**Fifth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to O.C.G.A. since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Sixth Affirmative Defense**

Any violation of the law or damage suffered by Plaintiff, which HRRG denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability against HRRG.

**Seventh Affirmative Defense**

To the extent Plaintiff has been damaged, which HRRG specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from HRRG.

WHEREFORE, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, requests that this Court dismiss Plaintiff's Complaint and that HRRG

be awarded reasonable attorneys' fees and costs as provided for under applicable law.

Dated this **28th day of June 2022.**

Respectfully submitted,

*/s/Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
*SKohlmyer@Shepardfirm.com*
Georgia Bar No.: 427760
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing document has been prepared with Times New Roman 14 point font, one of the font and point selections approved by the Court in LR 5.1, N.D. Ga.

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY that a copy of the foregoing has been electronically filed on **June 28, 2022**, via the CM/ECF System and that a copy was furnished by electronic transmission to:

Matthew T. Berry, Esquire
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
matt@mattberry.com
*Attorney for Plaintiff*

Respectfully submitted,

/s/*Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
SKohlmyer@Shepardfirm.com
Georgia Bar No.: 427760
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, HRRG*